## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CREIGHTON ST. JOSEPH REGIONAL HEALTHCARE, LLC, d/b/a ST. JOSEPH HOSPITAL – CREIGHTON UNIVERSITY MEDICAL CENTER, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| OMAHA CONSTRUCTION INDUSTRY HEALTH & WELFARE PLAN; JOINT BOARD OF TRUSTEES OF THE OMAHA CONSTRUCTION INDUSTRY HEALTH & WELFARE PLAN, | ) ) ) ) ) ) ) | 8:08CV238  REPORT AND RECOMMENDATION |
| Defendants and Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| THE BENEFIT GROUP, INC., | ) ) | |
| Third-Party Defendant. | ) | |

This matter is before the court on the plaintiff's motion (Doc. 18) to remand this matter to state court. For the reasons explained below, I recommend that the case be remanded to state court on the court's own motion. I also recommend that no costs or attorney's fees be awarded to any party in this matter.

## BACKGROUND

Plaintiff filed this action on April 2, 2008 in the District Court for Douglas County, Nebraska, seeking damages for breach of contract.  The complaint specifically alleges that the defendant Omaha Construction Industry Health and Welfare Plan ("OCI Plan") is an employee welfare benefit plan under the Employee Retirement Income Security Act, 29 U.S.C. 1001, *et seq*. ("ERISA").  The defendant Joint Board of Trustees ("OCI Trustees") is the plan sponsor, administrator, and named fiduciary of the OCI Plan.  The OCI Trustees and OCI Plan (together, "OCI") contracted with The Benefit Group (TBG) to provide claims administration services to OCI for claims submitted under the OCI Plan, including the receipt, investigation and payment of claims.  OCI also participated in a preferred provider organization network, Midlands Choice.  Saint Joseph Hospital was a preferred provider in the Midlands Choice PPO network.

The hospital alleges that it is a third party beneficiary of the contract between Midlands Choice and OCI. As a participant in the Midlands Choice PPO network, OCI assumed the responsibility for payment of claims submitted through it for payment.  As a Midlands Choice preferred provider, Saint Joseph Hospital must accept discounted payments (35% of billed charges) on "clean" claims from OCI if the claims are paid within 45 days of receipt.  After 45 days, OCI is no longer entitled to the discount and is obligated to pay the hospital's full billed charges for the claim.

Plaintiff alleges that an OCI Plan participant, Terry James, was admitted to Saint Joseph Hospital on June 4, 2006 and received necessary medical and surgical care, treatment, services and supplies through June 30, 2006. The billed charges for Mr. James' medical care amounted to $578,061.77. The hospital submitted its claims for benefits to OCI through TBG for processing and payment on July 12, 2006. Midlands Choice repriced the claim and provided the discounted pricing to OCI and TBG on July 12, 2006. OCI paid the discounted amount on or about November 30, 2006, outside the 45-day discount payment period, and has refused to make any further payment on the claim. Saint Joseph Hospital contends it is owed an additional $375,767.01 by OCI.

On May 5, 2008, OCI filed its answer in state court denying all liability, and asserted a third-party claim for indemnification and contribution against TBG.

TBG was served with the third-party complaint on May 8, 2008 and removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446. The OCI Plan and the OCI Trustees have not joined in the removal.

## LEGAL ANALYSIS

Plaintiff contends that its claim for breach of contract was not preempted by ERISA; therefore, the case should be remanded to state court for lack of subject matter jurisdiction. The third-party defendant, TBG, contends that plaintiff's motion was not timely filed under 28 U.S.C. § 1447(c) and that this court has subject matter jurisdiction because plaintiff's claims are preempted by ERISA.

The court may raise the issue of subject matter jurisdiction on its own motion at any time and elects to do so in this instance. The removal statute, 28 U.S.C. § 1441, provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Commentators have identified three aspects of the issue of whether a third-party defendant has the right to remove an action from a state to a federal court:

> (1) "is a third-party defendant a defendant within the meaning of § 1441"; (2) "is the application of § 1441(c) limited to claims joined by the plaintiff"; and (3) "is a third-party claim sufficiently unrelated to the main claim to be a separate and independent cause of action."

Walter W. Jones, Jr., Annotation, *Right of Third-party Defendant to Removal of Action from State to Federal Court under 28 U.S.C.A. § 1441*, 8 A.L.R. FED. 708, § 2 (quoting 1A MOORE'S, FEDERAL PRACTICE ¶ 0.167[10] (2d ed.)). "Although there is general agreement

among courts that § 1441 is to be given a narrow construction in favor of limiting the removal rights of third-party defendants, there is a lack of accord as to whether this policy removes completely third-party defendants' rights to remove." *Id*.

It does not appear that Eighth Circuit precedent allows a third-party defendant to remove a case to federal court under the circumstances presented in this case. In *Duckson, Carlson, Bassinger, LLC v. The Lake Bank, N.A.*, 139 F. Supp. 2d 1117 (D. Minn. 2001), the court considered the issue of whether a third-party defendant had the right to remove a case to federal court:

> The courts are split on whether "defendants," in the context of § 1441(a), means only defendants joined in the original complaint. *See Schmidt v. Association of Apartment Owners of Marco Polo Condo.*, 780 F. Supp. 699, 702 (D. Haw. 1991) (collecting cases). The majority view is that the determination of who is a defendant is made with reference to the original complaint, not subsequent complaints. *Id.*
>
> The few courts which allow removal by third-party defendants allow it only if the removal is based on a cause of action in the third-party complaint that is "separate and independent" from the other claims in the case pursuant to § 1441(c). *See, e.g., Carl Heck Engineers v. Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980) (holding third-party defendants sued under a separate and independent claim can remove). *But see Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991) (holding that in almost all third-party cases, the third-party defendant may not remove under § 1441(c)). The Eighth Circuit Court of Appeals has held that the "remote, ancillary possibility of a third-party claim not yet matured" cannot constitute a basis for removal of a third-party claim "which is not separate and independent of the plaintiff's claim." *Lewis v. Windsor Door Co.*, 926 F.2d 729, 733 (8th Cir. 1991) (adopting the Seventh Circuit's analysis that a third-party defendant may not remove under § 1441(c) in almost all cases). As the Eighth Circuit put it, "removal on such a basis is too much akin to the tail wagging the dog." *Lewis*, 926 F.2d at 733....

139 F. Supp. 2d at 1119.

This court has previously followed the majority view, concluding that a third-party defendant is not a defendant for purposes of the removal privilege under 28 § U.S.C. 1441(a). *See, e.g., Berndsen v. Able Professional Movers, Inc.*, No. 8:05cv471, slip op. at 2 (D. Neb., Nov. 3, 2005) (available on PACER). In this case, since the third-party claim seeks to impose derivative liability, it is not "separate and independent" of the action brought by the original plaintiff and the third-party defendant was without authority to remove the case to federal court.

Because the case was improperly removed to federal court by a third-party defendant, this court lacks a basis upon which to exercise federal jurisdiction.[1]  Accordingly,

**IT IS RECOMMENDED** that this matter be remanded to the District Court for Douglas County, Nebraska, on the court's own motion, for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that all pending motions (Doc. 18 & Doc. 36) be denied as moot.

Pursuant to NECivR 72.3, a party may object to a this Report and Recommendation by filing an "Objection to Report and Recommendation" within ten (10) days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the

---

[1]Even if the plaintiff's claim for breach of contract is ultimately found to be preempted by ERISA, federal and state courts share concurrent jurisdiction over matters involving the wrongful denial of benefits under ERISA.  *See* 29 U.S.C. §§ 1132(a)(1)(B) & (e)(1).

party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.

**DATED October 17, 2008.**

            **BY THE COURT:**

            s/ F.A. Gossett
            **United States Magistrate Judge**